UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MAGUIRE and CAROLE MAGUIRE,

                Plaintiffs,

                                           Case No. 08-15264

v.                                    Honorable David M. Lawson

GENESEE COUNTY SHERIFF, MICHIGAN
SECRETARY OF STATE, AMERICAN
COORDINATORS, INC. d/b/a AMERICAN
CLASSIC CARS, INC. and RICHARD S.
HUTTO,

                Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

      The matter is before the Court on the plaintiffs' motion to remand.  The plaintiffs seek remand of the case to the state court on several procedural and substantive grounds.  Procedurally, the plaintiffs point out that not all of the defendants joined in the removal, and removal was accomplished too late.  The plaintiffs also allege a lack fo subject-matter jurisdiction because of the absence of complete diversity and the failure to meet the amount-in-controversy requirements of 28 U.S.C. § 1332(a).  The Court finds that the removal notice was not filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).  Therefore, the Court will grant the motion to remand.

      The plaintiffs commenced this action in the Genesee County, Michigan circuit court on September 3, 2008, naming as defendants the Genessee County Sheriff, the Michigan Secretary of State, American Coordinators, Inc., d/b/a American Class Cars, Inc., and Richard S. Hutto.  Mr. Hutto, the defendant who initiated the removal, was served on September 5, 2008.  Hotto did not file his first notice of removal until December 23, 2008; he filed a supplemental notice of removal on

January 21, 2009.  Only one of the three other defendants – American Coordinators, Inc., d/b/a American Classic Cars, Inc. – joined in Mr. Hutto's notice of removal.

A removal notice must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," provided that cases based on diversity jurisdiction must be removed within one year after the commencement of the action.  *Ibid.*

The plaintiffs filed their motion to remand thirty days after the removal notice was filed.  The Court struck the motion because of technical defects, but an amended motion was filed shortly thereafter.  The Court deems the motion timely under 28 U.S.C. § 1447(c).  *Cf.* Fed. R. Civ. P. 15(c)(1) (relation back of amendments).

Defendant Hutto offers little explanation for the tardy removal notice.  He states that his new attorney did not receive the pleadings in the case from Hutto's insurance carrier until after the thirty-day period elapsed, and he notes that the non-removing defendants – the sherif and secretary of state – were fraudulently joined.  Neither of these excuses cures the defect in the removal procedure here.  Mr. Hutto's change of counsel does not furnish an adequate explanation for his previous counsel's failure to comply with the thirty-day requirement.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (a litigant is bound by the errors of his or her attorney).  And the issue of fraudulent joinder of non-diverse defendants should have been apparent from the outset based on the

-2-

allegations of the complaint.  If it was not, then the defendant received a clue to the issue on November 14, 2008, when the plaintiffs and the Michigan Secretary of State stipulated to an order allowing the Secretary of State not to appear in the case.  Yet, the defendant still did not move to remove the case until December 23, 2008, more than thirty days later.  "A defendant's failure to comply with the thirty-day limitation set forth in Section 1446(b) is an absolute bar to removal regardless of whether the removal would have been proper if timely filed." *Groesbeck Invs., Inc. v. Smith*, 224 F. Supp.2d 1144, 1148 (E.D. Mich. 2002).

Another defect in the removal notice is its failure to comply with the rule of unanimity. Section 1446 requires the unanimous consent of *all* defendants to the removal.  *Loftis v. U.S. Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).  Therefore, all defendants who have been served must either join in the removal or file their written consent to the removal.  *Ibid.*  The petition that fails to explain the absence of co-defendants' consent to the removal is equally defective for violating the rule of unanimity.  *See Northern Illionois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982); *Shadley v. Miller*, 733 F. Supp. 54, 55-56 (E.D. Mich. 1990).  Only two of the four defendants – Mr. Hutto and American Coordinators, Inc., d/b/a American Classic Cars, Inc. – joined in the notice of removal.  Neither the Michigan Secretary of State nor the Genesee County Sheriff concurred in the removal, and the notice failed to account for the lack of their consent.  In fact, the Michigan Department of State filed a notice in which it informed the Court that it had never consented to removal.

Defendant Hugo now explains his failure to comply with the unanimity requirement by claiming that the joinder of the two non-diverse defendants was fraudulent from the beginning. Some courts have excused the removing party from having to comply with the unanimity

-3-

requirement with respect to fraudulently joined defendants. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n1. (9th Cir. 1988) (stating that all defendants must join in the removal except for "nominal, unknown or fraudulently joined parties"); *Hernandez v. Seminole County*, 334 F.3d 1233, 1237 (11th Cir. 2003) (implying the same); *Albert v. Bayerische Motorenwerke*, 45 F. App'x 170, 172 (3d Cir. 2002) (same). However, the fact that a party might have been joined fraudulently does not explain the delay in filing a motion for remand. "[T]here is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint." *Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851 (E.D. Mich. 1979); *Groesbeck Invs., Inc. v. Smith*, 224 F. Supp.2d 1144, 1150 (E.D. Mich. 2002).

The removal notice was untimely and at least one of the defendants specifically withheld consent to removal. Therefore, the removal is procedurally defective and cannot withstand the plaintiffs' motion.

The plaintiffs also request an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The defendant has not addressed that request. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993), holds that an award of costs is discretionary with the Court and often turns on whether the removal lacked merit. In *General Electric Capital Auto Lease, Inc. v. Mires*, 788 F.Supp. 948, 951 (E.D. Mich. 1992), the court observed that cases rejecting attorney's fees cite novel questions of law that have not otherwise been fully addressed.

-4-

The Court does not view this motion as presenting a close case. The removing defendant made no effort to secure the consent to remove from the other defendants, and he missed the filing deadline by a factor of three. These are rudimentary procedural concepts, and the misguided attempt at removal only delayed the resolution of the merits of the case and increased the expenses of the litigants. The Court concludes, therefore, that an award of costs is appropriate. However, the plaintiff has presented no evidence of her "just costs and . . . actual expenses, including attorney fees," and this Court will not speculate as to what they might be. Therefore, the Court will permit the parties to address that issue with additional filings. *See Mehney-Egan v. Mendoza*, 130 F. Supp. 2d 884 (E.D. Mich. 2001).

Accordingly, it is **ORDERED** that the plaintiffs' motion to remand [dkt # 11] is **GRANTED**.

It is further **ORDERED** that this matter be **REMANDED** to the Genesee County, Michigan circuit court.

It is further **ORDERED** that the plaintiffs may submit evidence in writing of their costs **on or before February 24, 2009**, and the defendant may submit evidence or argument in opposition thereto **on or before March 3, 2009**. The failure of the plaintiffs to make a timely and proper submission will constitute a waiver of costs and fees.

s/David M. Lawson                              
DAVID M. LAWSON
United States District Judge

Dated: February 17, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 17, 2009.

s/Felicia M. Moses
FELICIA M. MOSES